# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50425 | **DATE** | 5/11/2004 |
| **CASE TITLE** | Liberty Mutual vs. Ecowater Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion for sanctions.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAY 12 2004 | 16 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5-11-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Liberty Mutual Insurance Co., as subrogee of Donna Duty, its insured, filed a diversity action against defendant, Ecowater Systems, Inc., the manufacturer of a water softener that plaintiff alleges caused a fire in the Duty home. Defendant has filed a motion for sanctions pursuant to Fed. R. Civ. P. 37, contending that plaintiff failed to produce a water heater located near the suspect water softener and which may have provided evidence of an alternative cause of the fire. Defendant seeks as a sanction either the dismissal of the law suit or preclusion of any evidence related to the softener as the cause of the fire.

It is undisputed that a fire occurred in the Duty home. The fire originated and was limited to an area of the basement where the softener and the water heater were located. Duty contacted plaintiff who sent a claims adjuster, Jody Martin, to inspect the fire scene.

According to Martin, it appeared from the condition of the softener, which had extensive fire damage, that the softener caused the fire. Immediately adjacent to the softener was the water heater that had sustained some fire damage, including melting of the insulation on some of the wiring.

Martin hired another company to conduct a fire scene investigation. The investigator also concluded that the fire originated in the softener.

At Martin's direction, the softener was removed and sent to Kragh Engineering where it was inspected. The engineer who inspected the softener also concluded the fire started in the softener.

There are also numerous photographs of the fire scene that show the extensive damage to the softener as well as the damage to the water heater.

Martin did not request an inspection of the water heater, nor did she preserve it. It was subsequently lost when it was replaced.

Defendant's expert was allowed to examine the softener as well as view the photographic evidence, including that of the water heater. In his affidavit submitted in support of defendant's motion, defendant's expert states that based on his investigation and inspection of the softener that it "was not likely the cause of the fire." He further asserts that "[w]ithout examination and inspection of the gas water heater, [he] [is] unable to determine if the gas water heater did cause the fire."

The thrust of defendant's motion for sanctions is that even though plaintiff preserved the water softener and its expert had an opportunity to inspect it, the failure to preserve the damaged water heater precluded defendant obtaining evidence to show that the fire was actually caused by the water heater.

In a diversity case, the federal rules of procedure and evidence apply. See Allstate Ins. Co. v. Sunbeam Corp., 53 F. 3d 804, 806 (7th Cir. 1995). A party's pre- suit duty to preserve evidence is substantive, so Illinois law applies to that issue. Lawrence v. Harley- Davidson Motor Co., No. 99 C 2609, 1999 WL 637172, * 2 (N.D. Ill. Aug. 12, 1999). Rule 37 applies where a party fails to produce an item for inspection pursuant to a discovery request even in the absence of court order. Langley v. Union Electric Co., 107 F. 3d 510, 514 (7th Cir. 1997). Rule 37 sanctions may only be imposed where a party displays wilfulness, bad faith, or fault. Langley, 107 F. 3d at 514. Fault is determined by the reasonableness of the conduct, or the lack thereof, that culminated in the discovery violation. Langley, 107 F. 3d at 514. A particular sanction under Rule 37 must be proportionate to the circumstances surrounding the failure to comply with discovery. Langley, 107 F. 3d at 515.

In this case, it is apparent that plaintiff is at fault for the failure to preserve the water heater as it was plaintiff who controlled the fire scene and whose agents investigated the scene. Plaintiff had the authority and ability to preserve the water heater but failed to do so.

That does not necessarily dictate a sanction, let alone a severe one such as dismissal or preclusion of evidence. Defendant's expert had ample opportunity to inspect the suspect softener and opined that it was not likely the cause of the fire. The expert also had the benefit of the photographs and descriptions of the fire scene to support his theory that the water heater was in fact the cause. This case might be different had plaintiff inspected the water heater then discarded it, thereby preventing defendant from having an equal opportunity to inspect it. While the court does not approve plaintiff's failure to preserve potentially relevant evidence, especially in light of well- established Illinois law that strongly suggests that other items in the vicinity of the fire should be preserved when litigation is contemplated, see, e.g., American Family Insurance Co. v. Village Pontiac- GMC, Inc., 223 Ill. App. 3d 624, 585 N.E. 2d 1115 (1992); Graves v. Daley, 172 Ill. App. 3d 35, 526 N.E. 2d 679 (1988), the negative impact in this particular case is minimal at best and does not warrant dismissal or evidence preclusion as a sanction. The court will, however, address prior to trial what evidence and instructions to give to the jury regarding plaintiff's failure to preserve the water heater.

For the foregoing reasons, the court denies defendant's motion for sanctions.